UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

------------------------------X
Ron Terry                                    :        [_ Civ. ___ (__)(__)]
           Plaintiff,                        :
    against                                   :        **COMPLAINT**
Amazon.com, Inc.                             :        [JURY TRIAL DEMANDED]
           Defendant.                        :
------------------------------X

Plaintiff [PLAINTIFF] ("Plaintiff"), by and through its attorneys, LA Law Group, APLC, for its Complaint against defendant Amazon.com Inc. ("Amazon"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief for Amazon's knowing, intentional infringement of Plaintiff's copyright in Plaintiff's two video works, one entitled "Chuck Berry & Bo Diddley"s Rock and Roll Jam" and the second entitled Bo Didley30th Anniversary of Rock and Roll" (together, the "Copyrighted Works").

2. Plaintiff conducts business for creative design and marketing of certain videos and music related video products. Plaintiff created the two Copyrighted Works, which are federally registered. Plaintiff is the owner of all rights in the Copyrighted Works.

3. Since creation of the Copyrighted Works Plaintiff has in the course of his business, marketed authorized copies of the Copyrighted Works in the United States and online. But the claims asserted herein arise out of and are based on Amazon's unauthorized copying and offering

for sale of the Copyrighted Works without Plaintiff's consent. Accordingly, Plaintiff is bringing legal action for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

4. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Amazon's profits from willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1400(a) because Amazon conducts business in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this district .

## PARTIES

7. Plaintiff is an individual who resides in Los Angeles, California and is a citizen of the United States. Plaintiff conducts business related to production and worldwide marketing of videos such as the subject Copyrighted Works.

8. Amazon is a will known business that is believed to be incorporated in Washington State and has its principal place of business in a number of venues, including this judicial district.

FACTS

A. <u>Plaintiff and the Copyrighted Works</u>

9. Plaintiff created the Copyrighted Works and registered them with the United States Copyright Office.

10. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, in the Copyrighted Works.

11. The Copyrighted Works are subject of valid and subsisting United States Copyright Registration No. PA 1-708-284 (Video 1) and No.PA 0001708284 (Video 2) issued by the United States Copyright Office. Attached as Exhibit 1 are true and correct copies of the registration certificates.

12. When shown to the public, Plaintiff found the Copyrighted Works to be very popular and in demand. All public depictions of the Copyrighted Work are accompanied by an appropriate copyright notice indicating that Plaintiff is the owner of all rights in the work. However, the significant potential of the Copyrighted Works cannot be fully exploited due to Defendants acts of infringement .

13. Plaintiff has offers to proceed with projects that have significant financial potential but the acts of infringement by Defendant have tainted Plaintiff's ability to market the exclusive ownership and benefit from such projects and essentially blocked Plaintiff's financial gain from the Copyrighted Works.

B. <u>Defendant's Infringing Conduct with respect to "Chuck Berry & Bo Diddley"s Rock and Roll Jam ("Video 1):</u>

14. Amazon has a well-known streaming platform to offer video content known as Amazon Prime Video, and on that platform has knowingly engaged and continued to engage in infringement of Plaintiff's proprietary rights.

15. On November 20, 2017, because Defendant had committed continuous misuse of Plaintiffs rights by repeatedly publishing and offering Video 1 on the Amazon Prime platform, Plaintiff turned to legal means to stop Defendant's unauthorized acts. Plaintiff filed suit for injunction and damages in this Court. In an agreement dated December 6, 2018, Plaintiff reached an agreement with Amazon to end the misuse and litigation (the "Agreement") wherein Defendant pledged a full and takedown, of Video 1, vowing not to misuse Plaintiff's rights in the future. The Agreement allowed for a reporting procedure whereby in the event of future infringement of Video 1, Plaintiff could notify Defendant to remedy that. The Agreement, Exhibit 2 will be filed under seal upon motion to the Court.

16. Defendants vow of a full and final takedown was illusory and laughingly hollow. Before long, Defendant was in breach of the Agreement and again trampling on Plaintiff's proprietary rights; soon thereafter making the very popular video available for sale, download and other viewing on its Prime Video Platform and also on the Amazon Marketplace.

17. As early as September 2021, Plaintiff reported to Defendant (using the designated procedure under the Agreement) underscoring that Amazon's use of the Copyrighted Work (Video 1) is completely willful, without Plaintiff's authorization, consent, or knowledge, and without any

compensation to Plaintiff. Furthermore, Amazon was informed that this knowing misbehavior is in bad faith and continues to diminish Plaintiff's ability benefit from opportunities with the Copyrighted Work.

18. Plaintiff repeatedly made such notifications to Amazon of the serious and damaging violations of the Agreement throughout 2021 and 2022. These notifications were in full accord with provisions of the Agreement.

19. In making the Agreement, Plaintiff erroneously assumed that Defendant would act in good faith. Plaintiff made erroneous assumption that Defendant would honor and comply with takedown requirements and other legal obligations. But Defendant has redoubled the injury by providing no response. Adding insult to injury.

20. As specified under of the Agreement Plaintiff may take legal action to remedy the damage and losses. Again, Plaintiff is forced to sue for his rights. Thus, Plaintiff has retained legal counsel to deal with the knowing, willful infringement by Amazon in breach of the Agreement.

21. On behalf of Plaintiff, and in pursuit of enforcement, Plaintiff's legal counsel has made futile verbal and written attempts to bring Amazon's ' attention to the matter, providing details, dates and listing of the infractions involving infringement of the Copyrighted Works. See Exhibit 2.

22. To date, no meaningful response has been received after reasonable inquiry, and there is no evidence that Amazon has complied with the demands set out in any of Plaintiff's counsel's communications. Attached as Exhibit 2 are exemplars continued posting on Amazon websites.

23. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized listings, posting, offers for sale and unauthorized reproduction and distribution of the Copyrighted Work (Video 1).

C. <u>Defendant's Infringing Conduct re the "Chuck Berry Bo Diddley All Star Jam" (Video 2)</u>

24. As early as August 2021, Plaintiff discovered that Amazon, without authorization was and offering his Copyrighted Work, "Chuck Berry -- Bo Diddley All Star Jam" (Video 2) on the Amazon Prime Video platform. This clearly unauthorized use of Video 2 is a violation of Plaintiff rights and damaging to Plaintiff.

25. There were no prior agreements between Plaintiff and Defendant concerning any manner of reporting infringement of Video 2. Accordingly, Plaintiff, as early as made a direct written request to Defendant to cease and desist the infringement.

26. Amazon has not responded to the request to take down Video 2.

27. Legal Counsel, on behalf of Plaintiff, has made futile attempts to communicate with Amazon concerning the necessity to cease and desist the infringement of Video 2.

28. Accordingly, Plaintiff brings this legal action against Defendant to enjoin the infringement and for Plaintiff's losses, Defendants profits and other damages the knowing and willful infringement of Video 2.

DAMAGES AND LOSSES FROM INFRINGMENT OF BOTH OF THE COPYRIGHTED WORKS

29. The wrongful use of Plaintiff's Copyrighted Works has limited Plaintiff's ability to reap the benefit of with its exclusive rights. Moreover, Amazon's intentional, infringing conduct has been a

wrongful gain of the benefit and value associated with Plaintiff's rights. By failing to obtain Plaintiff's authorization to use the Copyrighted Works or to compensate Plaintiff for the use, Amazon has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Works as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether. Amazon has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Works. Amazon's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

**[COUNT ONE]**
**Federal Copyright Infringement**
**(17 U.S.C. § 501)**

30. Plaintiff repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

31. The Copyrighted Works (Videos 1 and 2) are original videos containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works. Plaintiff owns valid copyright registrations for the Copyrighted Work, attached as Exhibit 1.

32. Through Amazon's conduct alleged herein, including Defendant's reproduction, distribution, public display, and offers for sale of the Copyrighted Works without Plaintiff's permission, Amazon has directly infringed Plaintiff's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

33. On information and belief, Amazon's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works and has enabled Amazon to illegally to obtain profit therefrom.

34. As a direct and proximate result of Amazon's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Amazons profits attributable to infringing conduct alleged herein, including from any and all sales of the Copyrighted Work and products incorporating or embodying the Copyrighted Works, and an accounting of and a constructive trust with respect to such profits.

35. Alternatively, Plaintiff is entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $30,000/$150,000 for Amazon's willful infringing conduct/for each of Plaintiff's works that Amazon has infringed], and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

36. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

37. As a direct and proximate result of the Amazon's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Amazon's infringing conduct is enjoined by this Court, Amazon will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

WHEREFORE, Plaintiff requests judgment against Amazon as follows:

1. That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. Granting an injunction permanently enjoining the Amazon, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

a. Advertising, promoting, displaying, performing, or[selling or authorizing any third party to market, advertise, promote, display, perform, or sell the Copyrighted Work sand any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and

b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

4. Amazon be ordered to provide an accounting of D profits attributable to infringing conduct, including Amazon's profits from sales and any other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

5. Amazon be ordered to destroy or deliver up for destruction all materials in their possession, custody, or control used in connection with Amazon's infringing conduct, including without limitation all remaining inventory of the Copyrighted Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works.

6. That Amazon, at its own expense, be ordered to recall the Copyrighted Work from any distributors, retailers, vendors, or others that have distributed the Copyrighted Work on Defendant's behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise

embody the Copyrighted Work, and that Amazon be ordered to destroy or deliver up for destruction all materials returned to it.

    7. Awarding Plaintiff:

a. Amazon's profits obtained as a result of infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper.

b. damages sustained by Plaintiff as a result of Amazon's infringing conduct, in an amount to be proven at trial.

c. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

d. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

    8. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

    9. Awarding such other and further relief as the Court deems just and proper.

Dated:  February 25, 2023                        Respectfully submitted,
          Los Angeles , California

                                                      /s/ Aryan Amid Esq.
                                                      Aryan Amid, Esq
                                                      LA Law Group APLC
                                                      Attorneys for Plaintiff
                                                      Los Angeles, California

**EXHIBIT 1**
**PLAINTIFF'S COPYRIGHT REGISTRATION**

**EXHIBIT 2**
**DEPICTIONS OF UNAUTHORIZED LISTINGS BY DEFENDANT ON AMAZON PRIME**

**EXHIBIT 3**
**LETTER TO DEFENDANTS COUNSEL**